## HARKER v. COCHRANE et al.

**Contract: TO CONVEY REAL ESTATE: PERFORMANCE.** It is a sufficient performance or offer to perform on the part of the vendor of real estate, to enable him to maintain an action for non-performance against the vendee, that he tendered to the latter a sufficient deed accompanied with a stamp which he offered to affix if the vendee would accept it.

*Appeal from Greene District Court.*

MONDAY, APRIL 28.

ACTION for the recovery of damages for a refusal to complete a purchase of real estate. Trial by the court, judgment for defendant. Plaintiff appeals. The necessary facts are stated in the opinion.

*Russell & Tolliver* and *H. C. Henderson* for the appellant.

No appearance for the appellee.

DAY, J.— About the 2d of April, 1870, the plaintiff entered into a contract with the defendant T. A. Cochrane, to procure for him a deed of special warranty for certain lands specifically described in the petition, the said Cochrane agreeing to pay therefor the sum of $2,700. It was agreed that said defendant should take immediate possession of the land; that plaintiff should have two years from the 1st of January, 1871, to perfect

and convey the title to defendant, but that he should do so earlier if practicable, and that if he should be ready to make said conveyance on the 20th day of December, 1870, or within ten days thereafter; and the defendant Cochrane should not, upon the tender of the deed of conveyance by plaintiff, pay the sum of $2,700, with interest thereon, he should pay $400, as fixed and liquidated damages, and not as a penalty, and should not be entitled to any further time in which to perform his part of the agreement. For the performance of this contract upon his part the defendant T. A. Cochrane executed his bond to plaintiff for $400, with his co-defendants, John Cooney and D. S. Hamilton, as sureties thereon.

On the 27th of December, 1870, the plaintiff, having perfected the title to the lands in controversy, executed a deed therefor to defendant with a special warranty as stipulated in the agreement, procured the necessary United States revenue stamps for the deed and folded them within it, and tendered the same to defendant, offering at the same time to affix and cancel the stamps. Defendant said that plaintiff need not put the stamps on the deed and cancel them; that he had not the money to pay for the land.

This action is instituted upon the bond for the recovery of the liquidated damages. Upon the trial defendant objected to the admission of the deed in evidence, because it was not stamped. The court sustained the objection, rejected the deed, and rendered judgment for defendant.

This ruling was erroneous. The deed was not offered as a muniment of title. It was offered simply to show that plaintiff had fully complied with the terms of the contract upon his part, and was entitled to recover for the default of the defendant. To establish such performance it was necessary only that he should perfect the title, and tender a sufficient deed, accompanied with an offer to stamp it properly if defendant would accept it. He was not obliged to affix and cancel the stamps, thus rendering them unfit for other use, until he knew that defendant was ready to accept the deed. The fact that the necessary stamps were rolled up within the deed show that plaintiff was

acting in good faith. Defendant expressly waived the right to have them affixed, and exonerated plaintiff from all obligation to affix them.

The judgment must be reversed, and the cause remanded for a new trial.

'          Reversed.